# FRANCISCO SEMIDEY ET AL.

*v.*

# CENTRAL AGUIRRE COMPANY ET AL.

---

San Juan, Equity, No. 874.

As to Modifying Order of Decemebr 10, 1912, as to Deposit by Defendants Central Aguirre Company and Jeremiah Smith.

Injunction—In Contempt.

    1. A party in contempt of an order of court requiring deposit of money cannot be heard to question the propriety of the order.

Semidey v. Central Aguirre Co.

Equity—Payment into Court of Proceeds.

> 2. If a party is directed to pay into court the proceeds of the operation of the business in lieu of having a receiver appointed, only the net amount of proceeds should be so paid in, as that is all that a receiver would hold for the benefit of the trust.

Gross Proceeds—Treble Damages.

> 3. The fact that a question may be involved of treble damages for detention of land is a collateral matter, and cannot be considered on application to modify order for payment of gross proceeds of cultivation into court.

Same—Relation of Parties.

> 4. Questions as to the relation of sundry parties to each other is likewise a collateral matter, and cannot be raised upon an application for modification of an order for payment of proceeds into court.

Opinion filed October 22, 1913.

---

*Mr. Perry Allen* for complainants.

*Messrs. Hartzell & Rodriguez Serra* for defendants.

HAMILTON, Judge, delivered the following opinion:

1. The bill in this cause was filed January 9, 1912, and seeks the rescission of a certain lease to what is called Hacienda Teresa. All parties interested in the transaction were made either complainants or defendants. The answer of the defendant denying the material allegations of the bill of complaint was filed September 2, 1912. Later the complainants by motion sought to have a receiver appointed to take charge of the proceeds of the land pending the trial, and this was resisted by the defendants, and the court took a middle course. On

December 10, 1912, this court ordered that the gross proceeds from the cultivation of the property should be deposited in the registry of this court, and careful and accurate accounts kept of the proceeds from this property. On June 17, 1913, a hearing was had upon an application of the defendants to modify this order, but the court held that, as the defendants had not complied with the terms of the order of December 10, 1912, they were in contempt, and could not be heard as to modification. The original order having fixed no time within which the deposit should be made, however, the court directed that the deposit should be made on or before August 20, 1913. This was accordingly done, and on August 20, $19,471.33 was deposited on behalf of Central Aguirre Company, and $25,-034.56 on behalf of Jeremiah Smith, being the alleged seven sixteenths and nine sixteenths interests of the respective parties in the gross income of the property. On September 6, 1913, a petition was filed on behalf of said defendants, setting out the above facts, alleging that these defendants are solvent, and asking that an order be made allowing them to withdraw the money so deposited by them.

2. The defendants, having purged themselves of contempt, have the right to apply for a proper modification of any previous order of the court. The order made on December 10 probably had a temporary object, and was expressly limited until some further order of the court. Now, as the litigation has been prolonged, its continuance will work an unnecessary hardship to the defendants. If a receiver had been appointed, as sought, he would have paid into court only the net proceeds of the administration of the cultivation of the property. He could not have paid the gross proceeds into court, and at the

Semidey v. Central Aguirre Co.

same time out of his own pocket have advanced funds necessary for cultivation. This is what the order makes the defendants do.

3. The complainants allege that this is not unreasonable, inasmuch as, if the lease is canceled, as sought, the defendants will be holding over unlawfully, and under the Porto Rican Code of Civil Procedure, § 281, judgment may be entered for three times the amount at which the actual damages are assessed. This, however, is not at present before the court, and cannot be taken into account. As the order entered was intended to take the place of a receivership, it will not now be made harder than would have been the terms of the receivership itself. Accordingly, the order of December 10, 1912, will be modified so as to require the payment into court by the defendants of the net proceeds resulting from the operation and reduction to sugar product of all cane ground from Hacienda Teresa, but strict accounts, as heretofore, shall be kept of these operations; and furthermore, the said defendants will be permitted to withdraw the deposits made August 20, 1913, except $5,000 retained provisionally until it shall be determined by a master or otherwise what were the net proceeds of the last crop. Except as so modified, the order of December 10, 1912, shall remain in full force.

4. Questions have been raised as to the relation of the Central Aguirre Corporation and the Central Aguirre Syndicate, as well as other matters which will more properly come up upon the merits. These will not be considered upon this petition for withdrawal of deposits merely.